PAUL VAGTS and GRETCHEN PEPER, Appellants, v. HERMAN RICHTER, Respondent.— Appeal from a judgment dismissing the complaint in an action for conversion. One Lehrenkrauss and defendant, two of the members of a firm of private bankers, were severally authorized by formal power of attorney to collect certain moneys in behalf of plaintiffs, residents of Germany, from the executors of an estate of which plaintiffs were beneficiaries; to receive and indorse checks, etc., for the payment of money and all other negotiable instruments and to remit to plaintiffs the proceeds realized and collected, with full power and authority to do and perform all and every act necessary and requisite as the plaintiffs could have done if personally present. Said Lehrenkrauss received a check under said power of attorney to his order, as attorney-in-fact for plaintiffs, in the sum of $5,000. Lehrenkrauss indorsed the check to his firm and it was deposited in a bank account of the firm of which defendant was a member. The words of indorsement to the firm by Lehrenkrauss were written by defendant, except the signature of Lehrenkrauss. Because of differences with Lehrenkrauss, who was the head of the firm, defendant retired from the firm as a member thereof, as found by the court, ten days after the receipt of the check. Defendant had no capital interest in the firm. About three months later the firm was petitioned into bankruptcy in the Federal court and its property taken by the trustee in bankruptcy. Plaintiffs never received their money. The proof shows and warrants a finding that, between the time that the check was received and defendant's retirement from the firm, defendant urged Lehrenkrauss to send a remittance to plaintiffs and that Lehrenkrauss told defendant that he was awaiting instructions from plaintiffs as to the form of the remittance. Under these circumstances, defendant was not guilty of a conversion. In view of the broad authority conferred under the power of attorney and the nature of the business conducted by the firm, Lehrenkrauss was authorized to deposit the check in the firm's account for collection to enable him to forward the moneys due plaintiffs. The proof shows that, before defendant's retirement from the firm, there was no conversion, even by Lehrenkrauss. After defendant's retirement, he was not responsible in tort to plaintiffs for the failure of the remaining members of the firm to account to plaintiffs for their money. (Partnership Law, § 64 and § 66, subd. (1), ¶ [a].) Furthermore, plaintiffs have failed to prove the cause of action alleged in the complaint — that defendant collected the proceeds of the check, failed to turn the same over to plaintiffs, and wrongfully took and embezzled the same. (Civ. Prac. Act, § 826, subd. 7.) Judgment affirmed, with costs. Lazansky, P. J., Carswell and Johnston, JJ., concur; Hagarty, J., with whom Adel, J., concurs, dissents and votes to reverse the judgment and to direct judgment for plaintiffs,

with the following memorandum: A power of attorney executed by plaintiffs served to appoint defendant or one Julius Lehrenkrauss attorney-in-fact to receive a legacy on behalf of the plaintiffs and to remit it upon deduction of compensation and disbursements. The defendant received a $5,000 check drawn to the order of the alternate attorney-in-fact, Julius Lehrenkrauss. Lehrenkrauss indorsed the check as an individual. On August 28, 1933, the defendant caused it to be deposited, not in an individual or fiduciary account, but in the account of a hopelessly insolvent partnership, J. Lehrenkrauss & Sons, of which both he and the alternate attorney-in-fact, as well as others, were members. A petition in bankruptcy of the partnership was filed December 6, 1933, and as of that date the referee's report shows excess of liabilities over partnership assets in the sum of $863,339.11, exclusive of contingent liabilities of $29,671,439.29. In his own handwriting defendant indorsed the check for deposit by writing upon it the words " pay J. L. & Sons." The money thus became mingled with the inadequate partnership assets. The proof is to the effect that the defendant admittedly knew of the existence of partnership irregularities in " the latter part of August," 1933, or at the time of the deposit. He resigned as partner ten days later. In the interim, he could have withdrawn the money by means of a check signed by him and any other partner, but did not do so. The lack of good faith on the part of the defendant is emphasized by the fact that on August 30, 1933, or two days after he so deposited the check in the partnership account, he wrote to the plaintiffs in Germany to the effect that the money had not as yet been received. Under the circumstances, the deposit in the partnership account constituted a misappropriation of the money.